# WILLIAM E. BARNHART v. STATE OF MARYLAND

[No. 455, September Term, 1976.]

*Decided February 4, 1977.*

The cause was submitted on briefs to DAVIDSON, MELVIN and MASON, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Dennis M. Henderson, Assistant Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Alexander L. Cummings, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *William Townsend, Assistant State's Attorney for Baltimore City,* for appellee.

MELVIN, J., delivered the opinion of the Court.

Pursuant to plea negotiations with the State, the appellant William E. Barnhart, tendered to the Criminal Court of Baltimore (Howard, J. presiding) a plea of guilty to common-law robbery, the third count of a multi-count indictment against him, and agreed to permit the State to proceed by way of stipulated testimony of various State witnesses. In return, the State agreed to *nol pros* the remaining counts of that indictment and to *nol pros* another

indictment charging assault with intent to murder. As part of the "bargain", the State also agreed that it *"would not make a recommendation as to sentence "* and "would join with defense counsel in requesting a pre-sentence report".

Judge Howard duly accepted the plea and found appellant guilty "based on your plea and the statement of facts". A pre-sentence report was ordered. Several weeks later, on 7 April 1976, appellant received a sentence of ten years, the maximum allowed by law for common-law robbery. Code Art. 27, § 486.

In this appeal, appellant presents a single question:

> "Must the judgment entered below be reversed because the prosecutor breached his plea bargain agreement to make no recommendation as to sentence?"

At the time of sentencing the prosecutor told the court:

> "Very briefly, Your Honor, it is true as Mr. Kountz points out, the reports clearly indicate that at least a portion of Mr. Barnhart's problem is alcohol related. It is well settled, as we all know, self-induced intoxication is no defense, not an acceptable defense in a criminal case. Reliable estimates are that there are some two million alcoholics in our national population. Had all of them committed the kind of act committed in this case, we would have a fearful national problem. Alcohol is a disease, that is true, but in this case the assault was particularly brutal. The victim, Mr. Martin, suffered, and suffers today, and will the rest of his life irreparable loss of hearing because of the beating and other injuries. *The State considers it a most serious case."* (Emphasis added.)

In *Miller v. State,* 272 Md. 249, 332 A. 2d 527 (1974), the Court of Appeals said, at 253:

> ". . . As the Supreme Court of Pennsylvania stated in *Commonwealth v. Alvaredo, supra,* 276 A. 2d at 529, a prosecutor's promise to make no

> recommendation as to the sentence reasonably means a 'commitment not to make any damning or even potentially damaging statements at the time of sentencing.' "

In *Burroughs v. State,* 30 Md. App. 669, 354 A. 2d 205 (1976), we held that the State breached its agreement "to remain silent" at sentencing when after the acceptance by the court of a negotiated plea, the prosecutor said to the court, "Your Honor, the State considers this to be a most serious case". In the instant case, the State concedes that the prosecutor's remarks constituted a breach of the plea bargain, but argues that the "issue of error in this respect has not been preserved for appellate review". We agree and shall therefore not disturb the judgment below.

In *Miller v. State, supra,* the only issue before the Court was whether or not the State had breached the plea bargain. The issue of whether the point had been preserved for appellate review was not briefed by the appellant or the State, and the Court did not address the issue.

In *Burroughs, supra,* the State did contend that the question of breach was not preserved for judicial review. We addressed the issue and held that appellant's counsel had entered a timely objection to the breach and had therefore "adequately preserved the question for our review". In the instant case, there is nothing in the record to indicate that appellant or his counsel objected to the prosecutor's remarks at sentencing, or sought any relief from the judge because of them. The issue is raised for the first time in this appeal. The issue was neither presented to nor decided by the court below; it is therefore not properly before us for decision. Maryland Rule 1085.

Were we to remand the case for further proceedings in accordance with the procedures set forth in *Miller, supra,* we would direct the trial court to do precisely what it could have, and presumably would have, done had the issue been presented to it, *i.e.,* give the accused the option of withdrawing his guilty plea and proceeding to trial or of allowing the plea to stand and be resentenced by a different judge. To obtain such relief, however, it is necessary that the

accused ask for it at the trial court level where there was ample time and opportunity to do so, and not for the first time on direct appeal to this Court. *See People v. Barajas*, 26 Cal. App. 3d 932, 103 Cal. Rptr. 405 (1972), to the same effect.

*Judgment affirmed.*
*Appellant to pay costs.*