[No. 6082–1.   Division One.   February 13, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. RALPH
ANTHONY GIEBLER, *Appellant.*

*Gilbert & Meyer,* and *John M. Meyer,* for appellant (appointed counsel for appeal).

*Patrick R. McMullen, Prosecuting Attorney,* and *Larry E. Moller, Deputy,* for respondent.

RINGOLD, J.—Ralph Anthony Giebler appeals from a judgment and sentence entered upon a plea of guilty to the crime of robbery in the first degree.

Giebler contends that (1) he is entitled to specific performance of a plea bargain agreement because the State did not fulfill its promise, and (2) the case should be remanded for resentencing because the trial judge conducted an ex parte off–the–record discussion with a Skagit County sheriff regarding an assault incident involving Giebler which occurred in the county jail while he was awaiting sentencing.

Giebler entered a plea of guilty to robbery in the first degree upon agreement by the State not to file a deadly weapon charge and to recommend a 3–year deferred sentence on condition that he spend 8 months in the Skagit County jail. A presentence investigation was requested, and on September 30, 1977, Giebler appeared for sentencing. The State advised the court at the time of sentencing that an assault incident involving Giebler had occurred subsequent to entry of the plea of guilty. The State summarized in some detail a report of the incident, which indicated that Giebler had assaulted a 70–year–old fellow inmate on two occasions. The inmate was taken to the hospital because of his age and heart condition, and was placed in the intensive care unit for a period of 1 to 2 days. At sentencing Giebler's attorney informed the court that Giebler did not want to make any statement regarding the incident, but wished to emphasize that the alleged victim wanted to "let the whole situation drop." The trial judge continued the date for sentencing, indicating that he wanted to discuss the incident with the sheriff. When sentencing resumed, the following occurred:

THE COURT: Did you have an opportunity to talk to the Sheriff?

[Giebler's attorney]: No, I did not.

THE COURT: I talked to the Sheriff this morning and he said he would be available for any questions you might have to ask as to what our discussion was concerning Mr. Giebler's conduct in jail. He is available if you wish. Did you want an opportunity to talk to him this morning?

[Giebler's attorney]: No, Your Honor.

THE COURT: . . . what is the State's recommendation?

[State's attorney]: That Mr. Giebler be sentenced to the Department of Institutions. We were contemplating changing the recommendation to eight months in jail and probation.

[Giebler's attorney]: That was the agreed recommendation, Your Honor.

The trial court sentenced Giebler to the Department of Institutions for a period of not less than 20 years.

■■ Giebler first contends that the State breached the plea bargain agreement to recommend a deferred sentence and that the case should be remanded for specific enforcement of the agreement. Giebler relies upon *State v. Tourtellotte*, 88 Wn.2d 579, 584–85, 564 P.2d 799 (1977), where the court stated:

A plea bargain is a binding agreement between the defendant and the State which is subject to the approval of the court. When the prosecutor breaks the plea bargain, he undercuts the basis for the waiver of constitutional rights implicit in the plea. In *Santobello v. New York* [404 U.S. 257, 263, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971)], the United States Supreme Court noted that there are two alternative forms of relief available to the defendant under these circumstances. The court can permit the accused to withdraw his plea and be tried anew on the original charges, or grant specific performance of the agreement.

Giebler argues that under the facts of this case, specific performance should be ordered. We disagree. When it became apparent to Giebler that the State was changing its recommendation, he was under a duty to move to withdraw his plea of guilty or to have the agreement specifically

enforced. Giebler's failure to object precludes him from raising the issue on appeal. *Barnhart v. State,* 34 Md. App. 632, 368 A.2d 1124 (1977); *People v Barajas,* 26 Cal. App. 3d 932, 103 Cal. Rptr. 405 (1972); *but see People v. Price,* 36 Ill. App. 3d 566, 344 N.E.2d 559 (1976). Further, the assault incident, which occurred while Giebler was awaiting sentencing on his guilty plea, was a sufficient change in circumstances to justify the State in retreating from the promised recommendation. *State v. Johnston,* 17 Wn. App. 486, 564 P.2d 1159 (1977); *State v. Yates,* 13 Wn. App. 116, 533 P.2d 846 (1975). Although an agreement between the parties "cannot be turned aside simply because of the exigencies of the moment", *State v. Tourtellotte, supra* at 584, a defendant cannot rely upon an agreement when he commits another offense while awaiting sentencing.

Giebler next contends that the case should be remanded for resentencing because the trial court conducted an ex parte off–the–record discussion with the Skagit County sheriff concerning the jail incident. We agree that the trial court should not conduct its own personal investigation; however, under the facts and circumstances of this case, we do not remand for resentencing.

■ In determining the proper sentence, a trial court is vested with broad discretion and "can make whatever investigation [it] deems necessary or desirable." *State v. Dainard,* 85 Wn.2d 624, 626, 537 P.2d 760 (1975). However, the court should not conduct a personal investigation of the defendant and should avoid whenever possible receiving ex parte statements concerning the defendant. *People v. Giles,* 70 Cal. App. 2d 872, 161 P.2d 623 (1945); 21 Am. Jur. 2d *Criminal Law* § 527 (1965). In *Stephan v. United States,* 133 F.2d 87, *cert. denied,* 318 U.S. 781, 87 L. Ed. 1148, 63 S. Ct. 858 (1943) it was held that it was not error for the trial judge to conduct personal interviews in the defendant's absence with the defendant's wife, representatives of the Federal Bureau of Investigation, chief probation officer, defendant's counsel and federal prosecutors. Better practice, however, would require that the "information should

[be] disclosed to the Judge in open court and in the presence of [the defendant]." *Stephan v. United States, supra* at 100.

In order to gain necessary information, the court may order a presentence investigation pursuant to CrR 7.2.

> A presentence report frequently includes hearsay and rarely (if ever) meets the requirements of evidence. It is merely one tool to assist the court in arriving at its sentence recommendation to the parole board. . . .
>
> The absence of the opportunity to cross–examine the named and frequently unnamed persons whose statements are included in the report does not prohibit its use by the sentencing judge. . . . Nor is it improper for the sentencing judge to consider unsworn statements of a prosecuting witness at the sentencing hearing. . . . The procedural requirements of due process are satisfied if the convicted felon is apprised of the facts and charges in the report,· . . . and is given the opportunity to rebut allegations therein, if those allegations are considered by the sentencing judge.

(Citations omitted.) *State v. Short,* 12 Wn. App. 125, 130–31, 528 P.2d 480 (1974). The sentencing judge should impose sentence based upon reliable facts which have some basis in the record, *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975), *State v. Buntain,* 11 Wn. App. 101, 521 P.2d 752 (1974), and a defendant should be given an opportunity to demonstrate that the information relied upon is inaccurate or incomplete. *State v. Short, supra.* If the trial court orders a presentence investigation, the defendant must be permitted· to read the report unless the court determines that "the report contains information which if disclosed would be harmful to the defendant or other persons; . . ." CrR 7.2(c)(1). However, even if the defendant is not permitted access to the report, the court has a duty "to disclose the contents of the presentence report to the defendant," *Criminal Rules Task Force to the Washington Judicial Council, Washington Proposed Rules of Criminal Procedure* (1971), comment to Rule 7.2, at 122, by stating "orally or in writing a summary of the factual

information contained therein to be relied on in determining sentence[.]" CrR 7.2(c)(2). The utilization of a presentence report and disclosure of the information to the defendant will "increase the fairness of the system, because it will increase the appearance of fairness, and because it will assure a greater degree of accuracy in the sentencing determination." ABA Standards Relating to Sentencing Alternatives and Procedures § 4.4(b), commentary at 224 (1966). If the court desires additional sentencing information, it can request a supplemental presentence report, insuring that the report will be disclosed pursuant to CrR 7.2(c), or permit the taking of testimony in open court. Either of these procedures will satisfy the minimum due process requirements of notice and an opportunity to be heard, and will insure that the information is reliable.

In this case, the trial court should not have discussed the jail incident with the county sheriff off the record and in Giebler's absence. However, the trial court gave Giebler the opportunity to discuss the incident with the sheriff, and prior to sentencing indicated that the sheriff was available and asked if Giebler wanted "an opportunity to talk to him this morning." Giebler's attorney did not object to the court's conducting a personal investigation, and expressly stated that he did not wish to talk to the sheriff. Giebler made no effort to rebut the allegations except to argue that the victim did not wish to discuss the matter. In considering Giebler's failure to object, especially in light of the information made of record concerning the incident, we find no reversible error.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied March 8, 1979.

Review denied by Supreme Court June 15, 1979.