[No. 9400-9-I. Division One. April 26, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN
RUSSELL, *Appellant.*

*Short & DeBay, P.S.,* and *James R. Short,* for appellant
(appointed counsel for appeal).

*Russ Juckett, Prosecuting Attorney,* and *Russell K.
Jones, Deputy,* for respondent.

CORBETT, J.—Steven A. Russell appeals the sentence
imposed after his plea of guilty to an amended information
charging possession of marijuana with intent to manufac-

ture or deliver.

After entry of the plea of guilty, a presentence investigation was ordered and sentencing was set for August 22, 1980. The presentence report contained derogatory information that was denied by the defendant. He requested and was granted an opportunity to controvert the presentence report at an evidentiary hearing.

On September 19, 1980, the sentencing hearing was reconvened and the State called the arresting officer who testified that at least one informant had advised him that the defendant was believed to be violent. The officer also testified to the facts surrounding search of the appellant's residence and the seizure of a large quantity of marijuana plants which gave rise to the charge then before the court. He testified further that approximately a month after the defendant's arrest, he was contacted by a reliable informant who stated that he or she had received marijuana from the defendant, and saw the defendant load large quantities of marijuana into a truck for transportation out of Snohomish County. The officer's testimony reflected information contained in the presentence report. The defendant requested disclosure of the informants' identities, if the court was to use the hearsay information for the purpose of sentencing.

The defendant testified at the sentencing hearing that the derogatory information was untrue. At the conclusion of all the testimony, the sentencing judge stated:

> Normally I would not send Mr. Russell or anyone having a PSI like this to prison if it were not for the allegations of post–plea, or at least post–arrest conduct, which is the charge that he was continuing to be in possession of substantial amounts of marijuana, transporting it in this van and that as I recall there was an allegation made that the informant or some other individual was in fear of him.

The court then continued the matter for 1 week to give the State an opportunity to present, in camera, valid reasons why the informants' identities should not be disclosed, and further stated:

If the information that he is providing or she is providing is to be relied upon by the Court, and if I am convinced that the informant's identity should be concealed, then I will require that the informant be interviewed by the Court in camera to determine the strength of the allegations that they have furnished the Sheriff's Office.

Thereafter, without notice to the defendant, the court conducted in camera interviews with two persons under oath. On October 3, the defendant was again before the court for sentencing. The court then stated for the record that it had advised defense counsel in chambers of the in camera hearing and of its conclusion that there was good reason to conceal the identity of the informants. The judge stated that as a result of the in camera interviews, he was substantially satisfied of the accuracy of the questioned statements. Defendant was sentenced to a maximum term of 5 years in prison.

The appellant assigns error to the trial court's consideration of postarrest conduct based upon information given by undisclosed informants. He contends that the record does not show good cause for nondisclosure or corroborating evidence, thereby denying him due process of law and the right to confront his accusers.

■■ A sentencing judge must possess the fullest information possible concerning the defendant's past life and personal characteristics. *Williams v. New York*, 337 U.S. 241, 247, 93 L. Ed. 1337, 69 S. Ct. 1079 (1949); *State v. Blight*, 89 Wn.2d 38, 41, 569 P.2d 1129 (1977). A sentencing judge should impose sentence based upon "reliable facts which have some basis in the record," and a defendant should be given "an opportunity to demonstrate that the information relied upon is inaccurate or incomplete." *State v. Giebler*, 22 Wn. App. 640, 644, 591 P.2d 465 (1979). In determining the proper sentence, a trial court is vested with broad discretion and "can make whatever investigation [it] deems necessary or desirable." *State v. Dainard*, 85 Wn.2d 624, 626, 537 P.2d 760 (1975); *State v. Giebler, supra* at 643.

In *State v. Short,* 12 Wn. App. 125, 528 P.2d 480 (1974), a detective had authored a letter asserting that defendant was a major "fence" in the area. Some allegations in the letter were treated as factual and incorporated into the presentence report. The defendant engaged in limited cross-examination of the detective who refused to answer questions concerning matters that he claimed were under investigation. The court rejected the defendant's due process and confrontation clause arguments. It held that the record showed a factual basis for the allegation and that the defendant was afforded an opportunity to rebut, saying:

> The absence of the opportunity to cross-examine the named and frequently unnamed persons whose statements are included in the report does not prohibit its use by the sentencing judge. Nor is it improper for the sentencing judge to consider unsworn statements of a prosecuting witness at the sentencing hearing. The procedural requirements of due process are satisfied if the convicted felon is apprised of the facts and charges in the report, and is given the opportunity to rebut allegations therein, if those allegations are considered by the sentencing judge.

(Citations omitted.) *Id.* at 131. *See also State v. Giebler, supra* at 644.

In the present case, the trial court considered the information about the truck loaded with marijuana in imposing sentence. Defense counsel referred to the presentence report during the sentencing hearing and was apparently fully apprised of its contents. Defendant was not only afforded, but in fact utilized, an opportunity to rebut the report. The officer was cross-examined and defendant denied the truck incident under oath. In addition, the sealed transcript of the in camera interviews reveals that the two informants were in fact examined under oath. Their testimony corroborated the officer's testimony. There is substantial evidence establishing good cause for nondisclosure. The trial court did not err in considering the information they provided. The sentence was based upon reliable facts, supported by a record of testimony under

oath, and the defendant was given an opportunity to demonstrate that the information was inaccurate or incomplete. Sentencing due process was, therefore, satisfied. *See State v. Giebler, supra; State v. Cherry,* 15 Wn. App. 547, 550 P.2d 543 (1976); *State v. Harris,* 10 Wn. App. 509, 518 P.2d 237 (1974).

Concerning defendant's further contention, it is not clear whether, or to what extent, the confrontation clause of the Sixth Amendment is implicated at sentencing. *See United States v. Fatico,* 579 F.2d 707, 713–14 (2d Cir. 1978), *cert. denied,* 444 U.S. 1073 (1980).

The defendant next contends that he should have been afforded an opportunity to submit written questions for the trial judge to ask the informants, relying upon *State v. Potter,* 25 Wn. App. 624, 611 P.2d 1282 (1980). In *Potter,* the trial court refused to hold a pretrial in camera hearing, pursuant to CrR 4.7(h)(6), to determine if the identity of a confidential informant should be disclosed. It was held that a court should conduct an in camera hearing if the defendant makes an initial showing that the confidential informant may have evidence that would be relevant to the defendant's innocence. *Id.* at 628–29. The *Potter* decision does not apply to sentencing and is therefore distinguishable from the present case. We find no error in the sentencing judge's failure to request written questions from the defendant to be presented to witnesses interviewed in camera.

Affirmed.

ANDERSEN, C.J., and JAMES, J., concur.