[No. 5658–5–II.   Division Two.   April 27, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH L. ROMANO, *Appellant.*

*Peter Mair,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Michael R. Johnson, Deputy,* for respondent.

PETRICH, C.J.—Defendant, Joseph L. Romano, appeals from the imposition of the maximum sentence on two counts of first degree theft on the ground that the sentencing judge's ex parte communications violated his due process rights by creating an appearance of unfairness. We agree and reverse and remand for resentencing.

On October 13, 1980, defendant entered a guilty plea to each of two counts of first degree theft. The theft involved more than $318,000 given to defendant by two Tacoma men for investment in an illegal business venture. At the trial judge's urging, defendant and the victims tried without success to reach a mutually acceptable agreement for restitution. Defendant testified that his earnings as a jewelry salesman were seasonal, so that any repayment plan would have to be adjusted to reflect the fact that the bulk of his yearly income was received during November and December. Prior to sentencing, the judge contacted at least two friends of his in the jewelry business to verify defendant's statements regarding his income. The fact of these ex parte contacts was not revealed to defendant until after the sentence was imposed.

In determining the proper sentence, a trial court is vested with broad discretion and can make whatever investigation it deems necessary or desirable. *State v. Dainard,* 85 Wn.2d 624, 626, 537 P.2d 760 (1975). However, the court should not conduct a personal investigation of the defendant and should avoid whenever possible receiving ex parte

statements concerning the defendant. *State v. Giebler,* 22 Wn. App. 640, 643, 591 P.2d 465 (1979). Furthermore, except to a limited extent otherwise authorized by law, a judge may not initiate or consider ex parte communications concerning a pending proceeding. CJC 3(A)(4).[1]

The State asserts that defendant was in no way prejudiced in that the judge's inquiries merely verified information provided by defendant himself. However, even where there is no actual bias, justice must satisfy the appearance of fairness. *In re Murchison,* 349 U.S. 133, 99 L. Ed. 942, 75 S. Ct. 623 (1955). The law goes farther than requiring an impartial judge, it also requires that the judge appear to be impartial. Next in importance to rendering a righteous judgment, is that it be accomplished in such a manner that no reasonable question as to impartiality or fairness can be raised. *State v. Madry,* 8 Wn. App. 61, 70, 504 P.2d 1156 (1972).

A careful search of the record fails to reveal even the slightest hint that the judge acted in any other but a forthright and open manner. However, the conclusion is inescapable that the ex parte inquiry, to which defendant was unable to respond, clouded the proceeding.

---

[1]CJC 3(A)(4), Washington Code of Judicial Conduct, states:

"A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him, by amicus curiae only, if he affords the parties reasonable opportunity to respond.

"Comment: The proscription against communications concerning a proceeding includes communications from lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted. It does not preclude a judge from consulting with other judges, or with court personnel whose function is to aid the judge in carrying out his adjudicative responsibilities.

"An appropriate and often desirable procedure for a court to obtain the advice of a disinterested expert on legal issues is to invite him to file a brief amicus curiae."

Reverse and remand for resentencing by another department of the Superior Court for Pierce County.

PETRIE and REED, JJ., concur.