558

471 A.2d 317

**William John CLARK**

v.

**STATE of Maryland.**

**No. 573, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Feb. 9, 1984.

Bradford C. Peabody, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender of Maryland on brief, for appellant.

Gertrude C. Bartel, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., of Maryland, Kurt L. Schmoke, State's Atty., for Baltimore City and Gary Honick, Asst. State's Atty. for Baltimore City on brief, for appellee.

Submitted before MOYLAN, ADKINS and GETTY, JJ.

ADKINS, Judge.

On February 8, 1983, William John Clark, the appellant, was convicted on a guilty plea in the Circuit Court for Baltimore City (Ross, J.), of assault. Appellant had agreed

to plead pursuant to a plea agreement which the State outlined to the court as follows:

The plea agreement that we have discussed is that we expect the defendant to plead guilty to the third count of the Criminal Information charge of common law assault. Both the State and the defense are requesting a presentence investigation and the State has agreed to recommend to the court whatever disposition the presentence investigation recommends.

Judge Ross agreed to accept the guilty plea although he made it clear to appellant that he would not be bound by the sentence recommended by the presentence investigation.

A presentence investigation was conducted, the conclusion of which was as follows:

Considering the aforementioned fact and in accordance with the Maryland Sentencing Guidelines (1 to 3 years), it is respectfully recommended that a sentence be imposed and the defendant be incarcerated. It is further recommended that since the defendant is gainfully employed he might be placed on the Work Release program.

At the sentencing hearing on March 31, 1983, the appellant's counsel asked that appellant be put on probation so he could seek psychiatric help. Judge Ross refused probation but did agree to request an examination by the Medical Services Department of the Supreme Bench for the purpose of ascertaining appellant's mental status. After the examination, appellant could request a modification of sentence. Judge Ross then sentenced appellant to three years in prison. Defense counsel then asked:

MR. SACHS: I just have one question. I don't know if this is possible, based upon the recommendation of the Pre-Sentence Report, is there any recommendation the court can make as to Work Release?

THE COURT: That is strictly within the province of the Division of Corrections.[1]

The State sat mute throughout the entire sentencing procedure. After appellant was sentenced, the State did answer a question posed to it by the court with regard to an appeal bond. On appeal before this court, appellant contends that the State breached the plea agreement by its failure to "recommend to the court" the disposition the presentence investigation recommended.

 Where a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *United States v. Brown,* 500 F.2d 375, 377 (4th Cir.1974). quoting *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). There is no question in the instant case that the plea agreement was breached. The State had agreed to take affirmative action, that is, to recommend whatever disposition the presentence investigation recommended. "This could reasonably be expected to be the sound advice, expressed with some degree of advocacy, of a government officer familiar both with the defendant and with his record and cognizant of his public duty as a prosecutor for the [State]." *United States v. Brown, supra. Accord, Snowden v. State,* 33 Md.App. 659, 365 A.2d 321 (1976); *Burroughs v. State,* 30 Md.App. 669, 354 A.2d 205 (1976). By its total silence, the State in this case clearly did not express the "degree of advocacy" required. It is also clear that the State's promise to make the same recommendation to the court as the presentence investigation was the inducement to obtain appellant's plea. *Santobello, supra,* 404 U.S. at 262, 92 S.Ct. at 498; *United States v. Brown, supra,* 500 F.2d at 377.

---

1. It is immaterial whether or not the sentencing judge was influenced by the State's failure to recommend a sentence if the plea bargain has been breached. *Burroughs v. State,* 30 Md.App. 669, 674, n. 3, 354 A.2d 205 (1976) citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

■ The State argues that its silence at sentencing amounts to "tacit acknowledgement of the plea bargain" and that it "never made any comment in opposition to the probation officer's recommendation." The case law makes clear that neither silence nor grudging approval is sufficient. *See United States v. Brown, supra; Snowden v. State, supra; Burroughs v. State, supra.* If the State has promised to make a recommendation, it must do so with at least some degree of advocacy. The test to be applied by us is an objective one—"whether the plea bargain agreement has been breached or not—irrespective of prosecutorial motivations or justifications for the failure in performance." *United States v. Brown, supra,* at 378.

■ In the instant case, we conclude that the plea bargain was unquestionably breached. At the same time, we reject the State's contention that the question of breach was not preserved for judicial review. Although defense counsel did not specifically object to the State's failure to take an active role in the sentencing procedure, he did bring the question to the attention of the trial court, stating that "[t]he recommendation, as to my understanding, is that the State would concur in whatever recommendations the Pre-Sentence Report makes." This was, in fact, not in the terms of the agreement as both the trial court and the State knew or should have known.[2] The State's promise had been to "recommend" not "concur in" the recommendations of the presentence investigation. Ordinarily where a plea bargain has been breached, the sentence is vacated and the defendant has the option to either have the guilty plea vacated and begin anew or to leave the plea standing and be resentenced. *Accord, Miller v. State,* 272 Md. 249, 255, 322 A.2d 527 (1974); *Burroughs v. State, supra,* 30 Md.App. at 677–78, 354 A.2d 205; *Sturgis v. State,* 25 Md.App. 628, 336 A.2d 803

---

**2.** The trial judge and the Assistant State's Attorney present at sentencing were the same as at appellant's trial. Defense counsel was different due to the intervening disbarment of appellant's trial counsel.

(1975). In the instant case, however, the sentence imposed by the trial judge was in fact the sentence recommended by the presentence investigation except for the court's failure to recommend work release, a lack which might have been overcome had the State performed its part of the bargain. Moreover, it may be that appellant has in fact been placed on work release by the Division of Corrections, in which event the State's default would not have resulted in prejudice to him.

■ Under these circumstances, we conclude that the interests of justice will best be served by remanding the case, without affirmance or reversal. Rule 1071. The lower court may then determine whether the Division of Corrections has placed appellant on work release. If this has occurred, the issue raised on this appeal would be moot. If appellant is not on work release, the error below would be cured by a recommendation to the Division of Corrections by the trial court that appellant be placed on work release.

CASE REMANDED WITHOUT AFFIRMANCE OR REVERSAL FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.