[No. 19997–8–I.   Division One.   December 30, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. TEKLE
GEBREAB WOLDEGIORGIS, *Appellant.*

*Julie A. Kesler* and *Eric Nielsen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marilyn A. Nowogroski, Deputy,* for respondent.

WILLIAMS, J.—Tekle Woldegiorgis was convicted by jury of the second degree murder of his wife and the first degree murder of his brother–in–law. He appeals; we affirm.

The murders were committed at night in the living room of the family apartment, where Tekle and his brother–in–law slept on couches and his wife in a bed. Tekle stabbed

his brother–in–law 14 times with a knife estimated by the medical examiner to be a maximum of three–fourths of an inch wide and about 7 inches long. The brother–in–law's wounds, located on the shoulder, chest, abdomen, back and forearm were of varying depths up to 7 inches. About four were defensive wounds, that is, wounds typically incurred by a person under attack attempting to shield his body. Tekle stabbed his wife 16 times, most of the wounds being located on the chest, back, abdomen, head and hand. The lone witness was the wife's 8–year–old daughter, who had been sleeping in the adjoining bedroom. Upon being awakened by her mother's screams, she went out to find her uncle dead and to witness Tekle attacking her mother with a knife. After the killings, Tekle left the house. Around 1 p.m. the same day, he was found in bushes some 350 to 400 yards from the apartment complex and was hospitalized for treatment of two stab wounds, one a shallow wound to the liver. No knife was found, but a sheath for a 7–inch knife was on the floor next to Tekle's bed.

The first question is whether there was sufficient evidence to support the element of premeditation in the first degree murder of the brother–in–law. The test for sufficiency of the evidence is:

> "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

*State v. Bingham,* 105 Wn.2d 820, 823, 719 P.2d 109 (1986).

■ There was sufficient evidence of premeditation to go to the jury. Jacob sustained multiple stab wounds, spread over his body, all being caused by separate acts. Of those wounds, four were defensive, indicating that Jacob had tried to ward off his attacker, and eight were potentially fatal. Jacob, who had gone to bed prior to the attack was found 1½ feet from his bed, tangled in the sheets. Blood was on the bed and the curtains nearby were slashed. There

was also evidence of long–standing animosity between Jacob and Tekle. Reasonable inferences may be drawn from the evidence that Tekle did indeed deliberate upon killing his brother–in–law. *See State v. Ollens,* 107 Wn.2d 848, 733 P.2d 984 (1987).

The second question is whether the following paragraph should have been added to WPIC 26.01, the standard instruction given on premeditation:

> However, time alone is not enough. The evidence must be sufficient to support the inference that the defendant not only had time to deliberate, but that he actually did so.

The proposed embellishment of the WPIC instruction is unnecessary and unwarranted as a comment on the evidence.

> Article 4, section 16 of our constitution prohibits a comment on the evidence if it conveys or indicates to the jury a personal opinion or view of the trial judge regarding the credibility, weight, or sufficiency of some evidence introduced at trial. *State v. Alvis,* 70 Wn.2d 969, 425 P.2d 924 (1967).

*State v. Painter,* 27 Wn. App. 708, 713–14, 620 P.2d 1001 (1980), *review denied,* 95 Wn.2d 1008 (1981); *see State v. Alger,* 31 Wn. App. 244, 640 P.2d 44, *review denied,* 97 Wn.2d 1018 (1982).

■ The third question is whether the instruction on justification should have been listed as an element in the "to convict" instruction rather than given separately. Although preferable, the inclusion is not mandatory. *State v. Acosta,* 101 Wn.2d 612, 683 P.2d 1069 (1984).

■ The final question is whether a continuance of the sentencing hearing should have been granted to afford Tekle the opportunity to develop the mitigating circumstance that he suffered posttraumatic stress disorder from participating in the Eritrean Civil War. The rule is stated in *State v. Balkin,* 48 Wn. App. 1, 4, 737 P.2d 1035, *review denied,* 108 Wn.2d 1036 (1987):

The sentencing judge should impose a sentence based upon reliable facts that have some basis on the record, and the defendant should have an opportunity to demonstrate that the information relied upon is inaccurate or incomplete.

The motion for continuance was supported by an affidavit of Tekle's attorney giving no indication what reliable facts were to be developed. The court did not abuse its discretion in denying the motion.

The arguments raised in Tekle's pro se brief are not supported by the record.

Affirmed.

SCHOLFIELD, C.J., and WINSOR, J., concur.

Review denied at 112 Wn.2d 1012 (1989).