973 P.2d 452 (1999)
137 Wash.2d 472
STATE of Washington, Respondent,
v.
Earl Lee FORD a/k/a Robert Johnson, Petitioner.
No. 66210-0.
Supreme Court of Washington, En Banc.
Argued October 20, 1998.
Decided March 11, 1999.
*453 Gregory Charles Link, Washington Appellate Project, Seattle, WA, for Petitioner.
Norm Maleng, King County Prosecutor, Deborah A. Dwyer, Deputy King County Prosecutor, Seattle, WA, for Respondent.
JOHNSON, J.
This is the companion case to State v. McCorkle, 137 Wash.2d 490, 973 P.2d 461 (Wash.1999). Like McCorkle, the question in this appeal is whether failure to specifically object at sentencing to the classification of prior out-of-state convictions waives the issue on direct appeal. Holding that failure to specifically object waived the issue on appeal, the Court of Appeals affirmed the sentence. We reverse and, based on the facts of this case, remand.

FACTS
Petitioner, Earl Lee Ford, pleaded guilty in King County Superior Court to six counts of first degree theft and one count of attempted theft in the first degree. At sentencing, the State asserted Ford's offender score was 11. Ford offered a calculation of 8. The difference centered around three California convictions, two for "grand theft" and one for "forgery."
Ford conceded he had pleaded guilty to the three California convictions and did not dispute their existence. Instead, Ford argued they should not be counted as "convictions" because they resulted in civil commitment only. The State argued the offenses were convictions because Ford had pleaded guilty to them.
*454 At the sentencing hearing, the State orally asserted the convictions would be classified as felonies under comparable Washington law. No documents of record, such as the California judgments and sentences, were presented by the State to substantiate its position. The California statutes under which Ford was convicted were not offered into evidence. No comparable Washington statutes were identified. From the record it appears the trial court did not engage in any comparison of statutory elements.
Nevertheless, the trial court concluded the offenses were convictions and would be classified as felonies under Washington law. Accordingly, it calculated Ford's offender score as 11. Under an offender score of 9 or more, the standard range for the current offenses totaled 43-57 months. Using Ford's calculation of an offender score of 8, the standard range for the current offense would have totaled 33-43 months. Citing, among other things, an aggravating factor of an offender score of "9 or more," the court imposed concurrent exceptional sentences of 120 months on each count of theft and 60 months on the count of attempted theft (10 years).
On appeal, Ford challenged the trial court's classification of the three California convictions, arguing the State failed to prove by a preponderance of the evidence the convictions were comparable to Washington felonies. The Court of Appeals affirmed the trial court. State v. Ford, 87 Wash.App. 794, 942 P.2d 1064 (1997). The Court of Appeals held Ford had waived the issue on appeal because he had not specifically objected at sentencing to the State's assertion that his California convictions would be classified as felonies under Washington law. Ford, 87 Wash.App. at 799, 942 P.2d 1064. The court reasoned because the State "specifically alleged" the California convictions were comparable to Washington felonies, Ford was on notice of the State's position and could have made a specific objection on that basis, but instead Ford argued only that civil commitment precluded counting the felonies into his offender score. Ford, 87 Wash.App. at 800, 942 P.2d 1064. The Court of Appeals characterized Ford's claimed error as "pure speculation" because "the record contains no information with which we can evaluate Ford's claim that a sentencing error was possibly made...." Ford, 87 Wash.App. at 800, 942 P.2d 1064. Accordingly, the Court of Appeals affirmed the sentence.
We granted review.[1]

ANALYSIS
The general rule is that issues not raised in the trial court may not be raised for the first time on appeal. See RAP 2.5(a); State v. Moen, 129 Wash.2d 535, 543, 919 P.2d 69 (1996). By its own terms, however, the rule is discretionary rather than absolute. See RAP 2.5(a) (an "appellate court may refuse to review any claim of error which was not raised in the trial court") (emphasis added); Obert v. Environmental Research & Dev. Corp., 112 Wash.2d 323, 333, 771 P.2d 340 (1989) ("rule precluding consideration of issues not previously raised operates only at the discretion of this court"). Accord Bennett v. Hardy, 113 Wash.2d 912, 918, 784 P.2d 1258 (1990). Thus, the rule never operates as an absolute bar to review. Furthermore, challenges such as lack of jurisdiction, failure to establish facts upon which relief may be granted, and manifest error affecting a constitutional right may be raised for the first time on appeal as a matter of right. RAP 2.5(a).
In the context of sentencing, established case law holds that illegal or erroneous sentences may be challenged for the first time on appeal. See, e.g., Moen, 129 Wash.2d at 543-48, 919 P.2d 69 (imposition of a criminal penalty not in compliance with sentencing statutes may be addressed for the first time on appeal); In re Personal Restraint of Fleming, 129 Wash.2d 529, 532, 919 P.2d 66 (1996) ("sentencing error can be addressed for the first time on appeal under RAP 2.5 *455 even if the error is not jurisdictional or constitutional"); State v. Loux, 69 Wash.2d 855, 858, 420 P.2d 693 (1966) (this court "has the power and duty to correct the error upon its discovery" even where the parties not only failed to object but agreed with the sentencing judge), overruled in part by Moen, 129 Wash.2d at 545, 919 P.2d 69; State v. Roche, 75 Wash.App. 500, 513, 878 P.2d 497 (1994) ("challenge to the offender score calculation is a sentencing error that may be raised for the first time on appeal"); State v. Paine, 69 Wash.App. 873, 884, 850 P.2d 1369 (1993) (collecting cases and concluding that case law has "established a common law rule that when a sentencing court acts without statutory authority in imposing a sentence, that error can be addressed for the first time on appeal"). See also State v. Hardesty, 129 Wash.2d 303, 315, 915 P.2d 1080 (1996) (permitting the State to bring a motion to amend an erroneous sentence nearly two years after sentencing under CrR 7.8); State v. Parker, 132 Wash.2d 182, 189, 937 P.2d 575 (1997) (improperly calculated standard range is legal error subject to review).
A justification for the rule is that it tends to bring sentences in conformity and compliance with existing sentencing statutes and avoids permitting widely varying sentences to stand for no reason other than the failure of counsel to register a proper objection in the trial court.
Paine, 69 Wash.App. at 884, 850 P.2d 1369. See also Moen, 129 Wash.2d at 546-47, 919 P.2d 69 (expressly adopting and applying the reasoning and result of Paine in the context of an untimely restitution order).
In its brief to this court, the State admits it introduced no evidence to support the classification of the disputed California convictions as comparable to Washington felonies. The State blames this lapse on the defendant's failure to object at sentencing. According to the State, had Ford objected to the State's asserted classification at sentencing and requested an evidentiary hearing, a record would have been developed to decide the issue. The State argues that case law allowing sentencing errors to be challenged for the first time on appeal is limited to questions of law not requiring further development of the record.[2] It argues, under the Sentencing Reform Act of 1981 (SRA), any information not objected to at sentencing is considered acknowledged. If, indeed, the classification is erroneous, the State suggests Ford may proffer additional facts to support that claim in a personal restraint petition. This argument, however, fails to recognize the State's duties and obligations under the SRA.
The SRA creates a grid of standard sentencing ranges factored by the defendant's "offender score" and the "seriousness level" of the current offense. State v. Wiley, 124 Wash.2d 679, 682, 880 P.2d 983 (1994). The offender score measures a defendant's criminal history and is calculated by totaling the defendant's prior convictions for felonies and certain juvenile offenses. Wiley, 124 Wash.2d at 683, 880 P.2d 983. Except in the case of felony traffic offenses, prior misdemeanors are not included in the offender score. Wiley, 124 Wash.2d at 683, 880 P.2d 983.
Where a defendant's criminal history includes out-of-state convictions, the SRA requires these convictions be classified "according to the comparable offense definitions and sentences provided by Washington law." Wiley, 124 Wash.2d at 683, 880 P.2d 983 (quoting RCW 9.94A.360(3)). To properly classify an out-of-state conviction according to Washington law, the sentencing court must compare the elements of the out-of-state offense with the elements of potentially comparable Washington crimes. State v. Morley, 134 Wash.2d 588, 606, 952 P.2d 167 (1998); Wiley, 124 Wash.2d at 684, 880 P.2d 983; State v. Weiand, 66 Wash.App. 29, 31-32, 831 P.2d 749 (1992). If the elements are not identical, or if the Washington statute defines the offense more narrowly than does the foreign statute, it may be necessary to look into the record of the out-of-state conviction to determine whether the defendant's conduct would have violated the comparable *456 Washington offense. Morley, 134 Wash.2d at 606, 952 P.2d 167.
In State v. Ammons, 105 Wash.2d 175, 186, 713 P.2d 719, 718 P.2d 796 (1986), we held that the use of a prior conviction as a basis for sentencing under the SRA is constitutionally permissible if the State proves the existence of the prior conviction by a preponderance of the evidence. See RCW 9.94A.110 (criminal history must be proved by a preponderance of the evidence). Similarly, where prior out-of-state convictions are used to increase an offender score, the State must prove the conviction would be a felony under Washington law. RCW 9.94A.360(3); State v. Cabrera, 73 Wash.App. 165, 168, 868 P.2d 179 (1994). See also State v. Duke, 77 Wash.App. 532, 535-36, 892 P.2d 120 (1995) (foreign conviction could not be included in offender score because State failed to prove underlying conduct met statutory elements under Washington law).
The best evidence of a prior conviction is a certified copy of the judgment. Cabrera, 73 Wash.App. at 168, 868 P.2d 179. However, the State may introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history. Cabrera, 73 Wash.App. at 168, 868 P.2d 179; see also Morley, 134 Wash.2d at 606, 952 P.2d 167 (court may look at foreign indictment and information to determine whether underlying conduct satisfies elements of Washington offense). But see Morley, 134 Wash.2d at 606, 952 P.2d 167 (facts and allegations contained in record of prior proceedings, if not directly related to the elements of the charged offense, may be insufficiently proved and unreliable).
The above underscores the nature of the State's burden under the SRA. It is not overly difficult to meet. The State must introduce evidence of some kind to support the alleged criminal history, including the classification of out-of-state convictions. The SRA expressly places this burden on the State because it is "inconsistent with the principles underlying our system of justice to sentence a person on the basis of crimes that the State either could not or chose not to prove." In re Personal Restraint of Williams, 111 Wash.2d 353, 357, 759 P.2d 436 (1988).
Thus, contrary to the State's position, it is the State, not the defendant, who bears the ultimate burden of ensuring the record supports the existence and classification of out-of-state convictions. Absent a sufficient record, the sentencing court is without the necessary evidence to reach a proper decision, and it is impossible to determine whether the convictions are properly included in the offender score.
In this case, the State not only failed to meet the preponderance standard mandated by the SRA, the admitted lack of any evidence supporting classification falls below even the minimum requirements of due process.
Although facts at sentencing need not be proved beyond a reasonable doubt, fundamental principles of due process prohibit a criminal defendant from being sentenced on the basis of information which is false, lacks a minimum indicia of reliability, or is unsupported in the record. See, e.g., Torres v. United States, 140 F.3d 392, 404 (2d Cir. 1998); United States v. Safirstein, 827 F.2d 1380, 1385-87 (9th Cir.1987); United States v. Bass, 535 F.2d 110, 118-19 (D.C.Cir.1976); United States v. Looney, 501 F.2d 1039, 1042 (4th Cir.1974); State v. Johnson, 856 P.2d 1064, 1071 (Utah 1993); Mayes v. State, 604 A.2d 839, 843 (Del.1992). See also State v. Herzog, 112 Wash.2d 419, 426, 771 P.2d 739 (1989) (any action taken by the sentencing judge which fails to comport with due process requirements is constitutionally impermissible).
Information relied upon at sentencing "is `false or unreliable' if it lacks `some minimal indicium of reliability beyond mere allegation.'" United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (emphasis added) (quoting United States v. Baylin, 696 F.2d 1030, 1040 (3d Cir.1982)). See also United States v. Ward, 68 F.3d 146, 149 (6th Cir. 1995); United States v. Fatico, 458 F.Supp. 388, 397-98 (E.D.N.Y.1978) (misinformation, misunderstanding, or material false assumptions "as to any facts relevant to sentencing, renders the entire sentencing procedure invalid *457 as a violation of due process") (quoting United States v. Malcolm, 432 F.2d 809, 816 (2d Cir.1970)), aff'd, 603 F.2d 1053 (2d Cir. 1979), cert. denied, 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980). Furthermore, where the State offers no evidence in support of its position, it is impermissible to place the burden of refutation on the defendant. See, e.g., United States v. Weston, 448 F.2d 626, 634 (9th Cir.1971); Fatico, 458 F.Supp. at 398.
In accordance with these basic principles of due process, Washington courts have long held "that in imposing sentence, the facts relied upon by the trial court must have some basis in the record." State v. Bresolin, 13 Wash.App. 386, 396, 534 P.2d 1394 (1975) (emphasis added). Accord State v. Woldegiorgis, 53 Wash.App. 92, 95, 765 P.2d 920 (1988); State v. Balkin, 48 Wash. App. 1, 4, 737 P.2d 1035 (1987); State v. Russell, 31 Wash.App. 646, 649-50, 644 P.2d 704 (1982); State v. Giebler, 22 Wash.App. 640, 644-45, 591 P.2d 465 (1979). See also Herzog, 112 Wash.2d at 426, 771 P.2d 739 (sentencing decisions under the SRA must comport with requirements of due process).
The State's argument that Ford must point to facts in the record to prove the challenged classification is erroneous turns the burden of proof on its head. A criminal defendant is simply not obligated to disprove the State's position, at least insofar as the State has failed to meet its primary burden of proof. The State does not meet its burden through bare assertions, unsupported by evidence. Nor does failure to object to such assertions relieve the State of its evidentiary obligations. To conclude otherwise would not only obviate the plain requirements of the SRA but would result in an unconstitutional shifting of the burden of proof to the defendant.
In concluding as we do, we emphasize we are placing no additional burden on the State not already required under the SRA. In the normal course, the State gathers evidence pertaining to a defendant's criminal history. If the evidence of prior out-of-state convictions is sufficient to support classification under comparable Washington law, that evidence should be presented to the court for consideration. If the evidence is insufficient or incomplete, the State should not be making assertions regarding classification which it cannot substantiate.
We also reject the State's argument that Ford "acknowledged" the classification of the California convictions by failing to specifically take issue with the State's position at sentencing. Under the SRA, acknowledgment allows the judge to rely on unchallenged facts and information introduced for the purposes of sentencing. See RCW 9.94A.370(2) ("In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgment includes not objecting to information stated in the presentence reports.") (emphasis added). Acknowledgment does not encompass bare assertions by the State unsupported by the evidence.[3]
Furthermore, classification is a mandatory step in the sentencing process under the SRA. RCW 9.94A.360(3) ("Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law.") (emphasis added). Thus, while unchallenged facts and information are acknowledged by the defendant and may be properly relied upon by the court to support a determination of classification, under the statutory scheme classification of out-of-state convictions is a process unto itself, entirely distinct from the acknowledged existence of any fact which informs the court's conclusions.[4] Accordingly, a defendant does not "acknowledge" the State's position regarding *458 classification absent an affirmative agreement beyond merely failing to object.[5]
Finally, we disagree that a personal restraint petition is the more appropriate remedy rather than direct appeal. In a collateral attack on a conviction or sentence the criminal defendant must show unlawful restraint due to a constitutional error resulting in actual or substantial prejudice, or a fundamental defect of nonconstitutional magnitude which inherently results in a complete miscarriage of justice. In re Personal Restraint of Cook, 114 Wash.2d 802, 810-12, 792 P.2d 506 (1990). A prisoner may not claim unlawful restraint in general terms, but the facts upon which the claim is based and the evidence reasonably available to support the factual allegations must be stated. In re Cook, 114 Wash.2d at 813, 792 P.2d 506. This effects the same burden shifting we disapprove of, as stated above, and which is directly contrary to the mandate of the SRA.
Sentencing is a critical step in our criminal justice system. The fact that guilt has already been established should not result in indifference to the integrity of the sentencing process. Determinations regarding the severity of criminal sanctions are not to be rendered in a cursory fashion. Sentencing courts require reliable facts and information. To uphold procedurally defective sentencing hearings would send the wrong message to trial courts, criminal defendants, and the public:
The meaning of appropriate due process at sentencing is not ascertainable in strictly utilitarian terms. There is an important symbolic aspect to the requirement of due process. Our concept of the dignity of individuals and our respect for the law itself suffer when inadequate attention is given to a decision critically affecting the public interest, the interests of victims, and the interests of the persons being sentenced. Even if informal, seemingly casual, sentencing determinations reach the same results that would have been reached in more formal and regular proceedings, the manner of such proceedings does not entitle them to the respect that ought to attend this exercise of a fundamental state power to impose criminal sanctions.
ABA Standards for Criminal Justice: Sentencing std. 18-5.17, at 206 (3d ed.1994).
For the foregoing reasons, we decline to limit prior case law permitting illegal or erroneous sentences to be challenged for the first time on appeal. Accordingly, we hold a challenge to the classification of out-of-state convictions, like other sentencing errors resulting in unlawful sentences, may be raised for the first time on appeal. In the present case, the evidence is insufficient to support the conclusion that the disputed convictions would be classified as felonies under Washington law. Consequently, the offender score used to calculate the proper standard range is incorrect and the sentence unlawful.
"It has been the consistent holding of this court that the existence of an erroneous sentence requires resentencing." Brooks v. Rhay, 92 Wash.2d 876, 877, 602 P.2d 356 (1979) (citing cases). This rule extends to the imposition of an exceptional sentence under the SRA where, as here, an incorrect offender score is used to calculate the standard range. State v. Parker, 132 Wash.2d 182, 190, 937 P.2d 575 (1997) ("We are hesitant to affirm an exceptional sentence where the standard range has been incorrectly calculated because of the great likelihood that the judge relied, at least in part, on the incorrect standard ranges in his calculus."). In this case, the sentencing judge specifically included the potentially incorrect offender score of "9 or more" as an aggravating factor supporting the exceptional sentence. Resentencing, therefore, is required.
In the normal case, where the disputed issues have been fully argued to the sentencing court, we would hold the State to the existing record, excise the unlawful portion of the sentence, and remand for resentencing without allowing further evidence to be adduced. See State v. McCorkle, 88 *459 Wash.App. 485, 500, 945 P.2d 736 (1997). Under the present facts, however, while we necessarily hold that a sentence based on insufficient evidence may not stand, we recognize that defense counsel has some obligation to bring the deficiencies of the State's case to the attention of the sentencing court. Accordingly, where, as here, the defendant fails to specifically put the court on notice as to any apparent defects, remand for an evidentiary hearing to allow the State to prove the classification of the disputed convictions is appropriate. See McCorkle, 88 Wash.App. at 500, 945 P.2d 736. This preserves the purpose of the SRA to impose fair sentences based on provable facts, yet provides the proper disincentive to criminal defendants who might otherwise purposefully fail to raise potential defects at sentencing in the hopes the appellate court will reverse withoutproviding the State further opportunity to make its case.
Accordingly, we reverse and remand for resentencing, to include an evidentiary hearing to allow the State to introduce evidence to support the proper classification of the disputed convictions.
GUY, C.J., and DURHAM, SMITH, MADSEN and SANDERS, JJ., concur.
TALMADGE, J., dissenting.
Earl Lee Ford alleges certain out-of-state crimes would not be felonies under Washington law, but he failed to object to his offender score at trial on that basis. In failing to do so, he is barred from raising the issue for the first time on appeal. RAP 2.5(a). The majority ignores that rule and our case law on preserving error on review. For these reasons, I dissent.
In sentencing proceedings under the Sentencing Reform Act of 1981(SRA), a defendant's offender score is based on his or her criminal history (prior convictions and juvenile adjudications in this state, in federal court or elsewhere). RCW 9.94A.030(12). In establishing such a criminal history for sentencing purposes, the State must prove by a preponderance of evidence that a prior conviction exists. State v. Ammons, 105 Wash.2d 175, 186, 713 P.2d 719, 718 P.2d 796, cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). While the State bears the burden of proving the existence of the prior convictions, the State and the defendant share an obligation under the SRA to provide accurate information regarding the defendant's criminal history to the trial court:
The prosecuting attorney and the defendant shall each provide the court with their understanding of what the defendant's criminal history is prior to a plea of guilty pursuant to a plea agreement. All disputed issues as to criminal history shall be decided at the sentencing hearing.
RCW 9.94A.100. See also Ammons, 105 Wash.2d at 183, 713 P.2d 719 (where the defendant enters a guilty plea, RCW 9.94A.100 requires him to disclose his prior convictions); In re Personal Restraint Petition of Williams, 111 Wash.2d 353, 365, 759 P.2d 436 (1988) (same); State v. Hardesty, 129 Wash.2d 303, 315-16, 915 P.2d 1080 (1996) (noting RCW 9.94A.100 requires defendant and prosecutor to provide trial court with their understanding of defendant's criminal history, but holding where defendant defrauds trial court regarding criminal history he has no expectation of finality in such fraudulently obtained sentence).
For purposes of a defendant's offender score calculation under the SRA, the State must prove any out-of-state conviction is a felony under Washington law. RCW 9.94A.360(3) provides that "[o]ut-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." See State v. Weiand, 66 Wash.App. 29, 31-32, 831 P.2d 749 (1992); State v. Cabrera, 73 Wash.App. 165, 168, 868 P.2d 179 (1994); State v. Duke, 77 Wash.App. 532, 534, 892 P.2d 120 (1995).
In this case, Ford, a scam artist who bilked numerous elderly victims, objected to the calculation of his offender score at trial, arguing that his California convictions for grand theft, residential burglary, and forgery should not be counted because he was committed for treatment as a consequence of his California crimes. At no time in the trial court did Ford contend the California offenses *460 were not comparable to Washington State felonies. In the absence of any effort by Ford to challenge the comparability of the California felonies, the State merely asserted at trial the California convictions were felonies without further proof. The trial court imposed an exceptional sentence based on Ford's criminal history. Now, for the first time on appeal, Ford raises the question of the comparability of the California offenses to Washington offenses.
The general policy of Washington's appellate courts is to require a party to make an objection to an error initially in the trial court. This affords the trial court the full opportunity to correct any alleged error and to create a factual record with respect to the issue for the appellate courts to consider. See RAP 2.5(a); State v. Sengxay, 80 Wash. App. 11, 15, 906 P.2d 368 (1995) (failure to timely object at trial waives appellate review of nonconstitutional issues); State v. Barber, 38 Wash.App. 758, 770, 689 P.2d 1099 (1984), review denied, 103 Wash.2d 1013 (1985) (same); Reed v. Pennwalt Corp., 93 Wash.2d 5, 604 P.2d 164 (1979) (dismissal of appeal is appropriate where record failed to show what, if any, exceptions or objections were made to allegedly erroneous instructions given by trial court or to court's refusal to give requested instructions). In a criminal setting, we applied this rule in State v. McAlpin, 108 Wash.2d 458, 462, 740 P.2d 824 (1987):
At no time prior to the trial court's oral pronouncement of sentence did defendant's counsel challenge the accuracy of the juvenile record, even though the trial court explicitly afforded him the opportunity to do so. It may be that counsel did not challenge the juvenile record because he concluded that the best tactical choice was to avoid emphasizing the record to the sentencing judge. Nevertheless, the absence of a timely challenge to the record or a timely request for an evidentiary hearing waives this issue for purposes of appellate review.
This rule also comports with due process principles of fundamental fairness. In fairness, the opposing party to a new issue should have an opportunity to be heard on it. This opportunity should not be delayed until the appellate stage, absent unusual circumstances. See RAP 2.5(a).
Moreover, a general objection with respect to a trial court decision is insufficient to preserve a specific issue for review. We explained this policy in State v. Boast, 87 Wash.2d 447, 451, 553 P.2d 1322 (1976) (quoting Haslund v. City of Seattle, 86 Wash.2d 607, 614, 547 P.2d 1221 (1976), and Presnell v. Safeway Stores, Inc., 60 Wash.2d 671, 675, 374 P.2d 939 (1962)), holding:
"insofar as possible, there shall be one trial on the merits with all issues fully and fairly presented to the trial court at that time so the court may accurately rule on all issues involved and correct errors in time to avoid unnecessary retrials." With regard to objections to evidence, it has long been the rule in this jurisdiction that an objection which does not specify the particular ground upon which it is based is insufficient to preserve the question for appellate review. "Objections must be accompanied by a reasonably definite statement of the grounds therefor so that the judge may understand the question raised and the adversary may be afforded an opportunity to remedy the claimed defect."
(Citations omitted.) See also Trueax v. Ernst Home Ctr., Inc., 124 Wash.2d 334, 339, 878 P.2d 1208 (1994) (if an exception is inadequate to apprise the judge of certain points of law, those points will not be considered on appeal); State v. Wixon, 30 Wash.App. 63, 78, 631 P.2d 1033, review denied, 96 Wash.2d 1012 (1981) (where review of record of murder prosecution indicated counsel objected to testimony on relevancy grounds and no hearsay objection was made, no hearsay objection was preserved for appeal); State v. Guloy, 104 Wash.2d 412, 422, 705 P.2d 1182 (1985) (an objection which does not specify the particular ground upon which it is based is insufficient to preserve the question for appellate review), cert. denied, 475 U.S. 1020, 106 S.Ct. 1208, 89 L.Ed.2d 321 (1986); State v. Mail, 121 Wash.2d 707, 712, 854 P.2d 1042 (1993) (a challenge to information presented or considered during sentencing must be both timely and specific).
*461 The majority's approachallowing any objection with respect to the calculation of an offender score to constitute a sufficient objection to raise any issue subsequently on appeal constitutes bad policy. This rule permits creative parties to raise entirely new issues on appeal, issues for which appellate courts do not have an adequate record. The majority contributes to the continuing erosion of the clear difference between trial courts and appellate courts. Instead of applying the fundamental principle of appellate review which requires parties to present their claims of error at the trial court level to afford the trial court the opportunity to correct such error and develop a factual record before the issues arrive at the appellate stage, the majority would allow yet another issue to be raised at the appellate stage for the first time. This effectively transforms appellate courts into fact-finders, a role for which appellate courts are ill-equipped.
We adopt court rules for the purpose of fair and efficient presentation of issues in our court system. If we carve judicial exceptions to every court rule we have adopted, we give little guidance to litigants or to the courts as to the operation of our system of justice. This is both unwise and unfair. By court rule and by decisional law, Ford was obliged to make a specific objection to the comparability of the out-of-state convictions to Washington State felonies in order to preserve the error for review. He did not do so. We should not reach the issue he raises. I would affirm the decision of the Court of Appeals in this case.[1]
DOLLIVER, J.P.T., and ALEXANDER, J., concur.
NOTES
[1] We also granted Ford's petition for review on the issue of whether out-of-state convictions which result in civil commitment should be counted as previous "convictions" in an offender score. However, the issue was neither briefed nor argued. We do not consider claims insufficiently argued by the parties. State v. Elliott, 114 Wash.2d 6, 15, 785 P.2d 440 (1990). Consequently, we do not address this issue.
[2] According to the State, only Roche, 75 Wash. App. 500, 878 P.2d 497 (classification of outof-state convictions unsupported by the evidence requires remand for recalculation of offender score) need be overruled.
[3] Not being a witness, a prosecutor's assertions are neither fact nor evidence, but merely argument.
[4] The point is the sentencing court must engage in some comparison of the elements and any conclusion must be supported by evidence in the record. Conclusory argument by the State is an insufficient basis upon which to determine classification.
[5] For example, in this case the defense attorney included two other California convictions in its offender score calculation to the court. These, and any other out-of-state convictions included in the defense's proffered offender score calculation, are properly included without further proof of classification.
[1] This is not to say that under our rules, Ford is without a remedy. He is entitled to present a personal restraint petition and claim the error he is now raising. See RAP 16.4(C)(3) (material facts exist which have not been previously presented and heard, which in the interest of justice require vacation of the conviction, sentence, or other order entered in a criminal proceeding or civil proceeding instituted by the state or local government).