FILED
COURT OF APPEALS
DIVISION II

2014 JAN 28 AM 9: 57

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44251-5-II |
| Respondent, | |
| v. | |
| PAUL DOUGLAS SHELDON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J.—Paul Sheldon appeals the sentence imposed following his conviction for failure to register as a sex offender. He argues that the trial court (1) erred in including an Oregon conviction in his criminal history, (2) erred in finding that he had the current or likely future ability to pay legal financial obligations (LFOs), and (3) made a scrivener's error as to his maximum sentence. The State concedes the first error and we remand for resentencing.[1]

At sentencing, the State presented a declaration of criminal history as to Sheldon, which included one Washington conviction for indecent liberties (3 points), one Washington conviction for bail jumping (1 point), three Washington convictions for failure to register as a sex offender (1 point each), and one Oregon conviction for possession of a controlled substance (1 point). Neither Sheldon nor his counsel signed the declaration or otherwise stipulated to the criminal history. The

---

[1] A commissioner of this court initially considered Sheldon's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

State did not present evidence of the comparability of the Oregon conviction. The trial court included the Oregon conviction in Sheldon's offender score.

The trial court imposed the following LFOs: $500 victim assessment, $200 criminal filing fee, $1,000 court-appointed attorney fee, $500 fine and $100 deoxyribonucleic acid collection feeThe court made the following finding:

> The court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds:

Clerk's Papers (CP) at 10. It checked the box stating that it found

> [t]hat the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

CP at 10.

The trial court stated Sheldon's maximum sentence as "010.00Y." CP at 10.

First, Sheldon argues that the trial court erred in including his Oregon conviction in his offender score because the State did not present any evidence that it was comparable with a Washington offense and because the trial court did not perform a comparability analysis.[2] *State v. Ford*, 137 Wn.2d 472, 482-83, 973 P.2d 452 (1999). The State concedes that Sheldon is correct and that the remedy is to remand for resentencing. We accept the State's concession.

Second, Sheldon argues that the record does not support the trial court's finding that he has the ability or likely future ability to pay the legal financial obligations that the court imposed. *State v. Bertrand*, 165 Wn. App. 393, 404, 267 P.3d 511 (2011), *review denied*, 175 Wn.2d 1014 (2012). Before making such a finding, the trial court must take "'into account the financial

---

[2] While Sheldon did not challenge the inclusion of the Oregon conviction during sentencing, he may do so for the first time on appeal. *Ford*, 137 Wn.2d at 484-85.

No. 44251-5-II

resources of the defendant and the nature of the burden'" imposed by the legal financial obligations. *Bertrand*, 165 Wn. App at 404 (quoting *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)). Because we remand for resentencing, Sheldon can raise this issue in the trial court.

Finally, while the trial court stated Sheldon's maximum sentence somewhat cryptically as "010.00Y," it is correct because the maximum sentence for his crime is 10 years. CP at 10; RCW 9A.44.132(1)(b); RCW 9A.20.021(1)(b). However, the trial court may wish to revise its description of the maximum sentence on remand.

We remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, A.C.J.

We concur:

HUNT, J.

BJORGEN, J.

3