# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72810-5-I |
| Respondent | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| XHAVIER TERRY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant | ) | FILED: November 9, 2015 |

SPEARMAN, C.J. — Xhavier Anthony Terry appeals the sentencing court's

calculation of his offender score on his guilty plea to unlawful possession of a

firearm. He argues that the State failed to prove that his out-of-state juvenile

adjudication was similar to the Washington offenses of second degree assault,

felony harassment, and second degree unlawful possession of a firearm.

Because Terry's confinement has already ended, we dismiss his appeal as moot.

## FACTS

On October 27, 2014, Xhavier Terry pled guilty to the offense of

possession of a firearm and was sentenced to nine months. The sentencing court

calculated his offender score and included a Texas adjudication from when he

was ten years old. In the adjudication, the Texas court had found that Terry had

committed aggravated assault and unlawful carrying weapons places weapons

prohibited, under Texas Pe. Code Ann. Texas Statutes §§ 22.02 and 46.03, respectively.

The Washington sentencing court found the Texas charges against Terry to be legally and factually comparable to the Washington offenses of second degree assault, felony harassment, and factually comparable to second degree unlawful possession of a firearm. Because second degree assault is a violent offense, the court counted Terry's juvenile conviction as one point. Terry had two prior adult felony convictions for harassment and second degree taking of a motor vehicle without permission. With the juvenile conviction, his offender score was therefore "3," corresponding to a standard range sentence of 9-12 months. Terry was sentenced to 9 months. He served his sentence and was released in February 2015.

## DISCUSSION

Terry contends that the sentencing court erred in determining his offender score and argues that the State failed to prove that his juvenile adjudication was comparable to the Washington offenses used to compute his score. The State contends that Terry's case is moot because his confinement ended in February 2015.

"A case is moot if a court can no longer provide effective relief." State v. Ross, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (quoting State v. Gentry, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995). There are only two forms of effective relief from a sentence that results from an offender score miscalculation. First, if the defendant received an excessive sentence and is still confined, we can order

resentencing that will result in his or her timely release from confinement. Second, if a defendant is on community custody or supervision that should have begun earlier than it did because he or she should have been released earlier, we can direct the trial court to modify the supervision termination date. Id. (citing State v. Ford, 137 Wn.2d 472, 485, 973 P.2d 452 (1999)). See also State v. Harris, 148 Wn. App. 22, 26-27, 197 P.3d 1206 (2008). However, even if moot, if a case presents an issue of continuing and substantial public interest and that issue will likely reoccur, we may still reach a determination on the merits to provide guidance to lower courts. State v. Blilie, 132 Wn.2d 484, 488 n.1, 939 P.2d 691 (1997).

Here, Terry contends that the sentencing court miscalculated his offender score because the State failed to prove that his Texas offense was comparable to any Washington crime. But because it is undisputed that his confinement and supervision ended on February 3, 2015, this court cannot provide him with any effective relief. And Terry does not argue that his case presents issues that will likely reoccur and are of continuing and substantial public interest. We conclude that Terry's challenge to his offender score is moot and dismiss his appeal.

Spearman, C.J.

WE CONCUR:

Becker, J.

3