IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34222-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK R. WILLIAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Derek Williams appeals from his jury conviction for taking a

motor vehicle, arguing that the trial court did not adequately advise him that he had lost

his right to possess firearms. We conclude that he did not preserve this issue for appeal.

FACTS

A Spokane County jury convicted Mr. Williams of taking a motor vehicle. He

was sentenced by the Honorable James Triplet. His offender score was calculated at 8

and his criminal history reflected a total of nine other adult felony convictions. The

judgment and sentence form contained standard language indicating that Mr. Williams

No. 34222-1-III
*State v. Williams*

needed to surrender any firearms and that he had lost his right to possess firearms.

Clerk's Papers (CP) at 18.[1]

In addition, during the sentencing hearing, the court engaged in the following

exchange with the defendant and his counsel:

> The Court: 500 victim, 200 court costs, 100 DNA, that's 800; $25 a
> month. Let's go four months out, July 15, 2016. You can't vote. **You
> can't possess firearms.**
> Do we have a right of appeal for him for me to go over?
> . . . .
> The Court: Anything else substantively I need to advise him on his
> rights? That summarizes it. It's not reading it to him.
> [Defense Counsel]: I don't think there's anything else, Judge.

Report of Proceedings (RP) at 367-368 (emphasis added). The colloquy continued after a

brief recess and the judge asked defense counsel, "did I miss any other issues or

questions?" Counsel answered in the negative. RP at 368. When the court later again

asked if defense counsel needed anything else, counsel once more answered in the

negative. RP at 372.

Mr. Williams subsequently filed a timely notice of appeal to this court.

---

[1] "**5.5a Firearms. You may not own, use or possess any firearm, and under
federal law any firearm or ammunition** unless your right to do so is restored by the
court in which you are convicted or the superior court of Washington State where you
live, and by a federal court if required. **You must immediately surrender any
concealed pistol license.** (The clerk of the court shall forward a copy of the defendant's
driver's license, identicard, or comparable identification, to the Department of Licensing
along with the date of conviction or commitment). RCW 9.41.040, 9.41.047." CP at 18.

2

No. 34222-1-III
*State v. Williams*

ANALYSIS

This appeal raises a single[2] issue—did the trial court sufficiently orally advise Mr. Williams concerning the fact that he had lost his right to possess firearms due to the jury's verdict? We conclude that this issue is not preserved under the facts of this case and decline to address it.

RCW 9.41.047(1)(a) provides in relevant part:

> At the time a person is convicted . . . of an offense making the person ineligible to possess a firearm, . . . the convicting or committing court shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by a court of record.

The failure to comply with the notice requirement of the statute creates an affirmative defense to a later unlawful possession of a firearm prosecution should the defendant assert that he was not advised of the prohibition on firearm possession. *State v. Breitung*, 173 Wn.2d 393, 402-403, 267 P.3d 1012 (2011); *State v. Garcia*, No. 34176-3-III, (Wash. Ct. App. June 15, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/341763_unp.pdf.

The general rule in Washington is that an appellate court will not consider an issue on appeal that was not first presented to the trial court. RAP 2.5(a); *State v. Scott*, 110

---

[2] Although Mr. Williams also requested that this panel waive any appellate costs that might be imposed against him, he has not complied with our general order and provided updated financial information. We thus decline to address this request without prejudice to him presenting his argument in an objection to any cost bill the State might file. Our commissioner will consider any objection in accordance with RAP 14.2.

Wn.2d 682, 685, 757 P.2d 492 (1988). However, RAP 2.5(a)(3) permits a party to raise initially on appeal a claim of "manifest error affecting a constitutional right." The error must be both (1) manifest and (2) truly of constitutional magnitude. *Id.* at 688. A claim is manifest if the facts in the record show that the constitutional error prejudiced the defendant's trial. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). The purpose of error preservation rules such as RAP 2.5(a) is to promote judicial efficiency by encouraging parties to point out errors to the trial court at a time when they can be corrected. *Scott*, 110 Wn.2d at 685.

The adequacy of the oral advice concerning firearms (and concealed permit) loss does not present a manifest question of constitutional error. Mr. Williams cites solely to RCW 9.41.047(1) and the cases construing it. He also presents no argument explaining how we can entertain this claim in light of RAP 2.5 since he did not object in the trial court.

There is common law sentencing error exception to RAP 2.5, although its contours are not well developed. *See, e.g., State v. Jones*, 182 Wn.2d 1, 338 P.3d 278 (2014) (explaining *State v. Ford*, 137 Wn.2d 472, 973 P.2d 452 (1999) (challenge to offender score calculation permitted despite failure to object in trial court)). It does not apply to all claimed sentencing errors. *E.g., In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-875, 50 P.3d 618 (2002) (waiver of alleged sentencing error in trial court). Even

4

No. 34222-1-III
*State v. Williams*

where that exception exists, the appellate court retains discretion whether to review the claim or not. *E.g., State v. Blazina*, 182 Wn.2d 827, 833-835, 344 P.3d 680 (2015).

Here, even if the common law exception applies, we decline to consider the claim. An objection to the court's oral recitation of the information could have led to an easy correction without need for a second hearing. If the notification articulated by the trial judge left any questions in his mind, Mr. Williams and his counsel were both free to seek clarification, an opportunity that the trial judge repeatedly invited the defense to make. Instead, defense counsel repeatedly told the trial court that no further explanation of the sentence was required. There is no manifest sentencing error for us to review.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Lawrence-Berrey, J.

5