**FILED**
**AUGUST 15, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35847-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL A. SMITH, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — On January 3, 2018, Michael Alan Smith was found guilty of

attempting to elude a pursuing police vehicle, reckless driving, and driving while license

suspended in the first degree. At sentencing, the State filed a statement of Mr. Smith's

prior convictions to demonstrate his criminal history and that his offender score was 10.

No other documentation was provided in support of Mr. Smith's criminal history. Mr.

Smith did not affirmatively acknowledge his criminal history, nor did he object to it

during sentencing. The trial court sentenced Mr. Smith to consecutive standard-range

sentences for the three offenses.

Mr. Smith appeals his judgment and sentence, asserting that his constitutional due process rights[1] were violated because the State's criminal history list illustrating Mr. Smith's prior convictions was unsupported, and he did not acknowledge his criminal history at sentencing. The State concedes that it did not provide supporting documentation establishing the existence of Mr. Smith's prior convictions, and that Mr. Smith did not acknowledge his criminal history. It also stipulates that remand for resentencing is appropriate.

Sentencing errors resulting in unlawful sentences may be raised for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). The State has the burden of establishing a defendant's prior criminal history by a preponderance of the evidence to determine his or her offender score at sentencing. *State v. Ford*, 137 Wn.2d 472, 479-80, 973 P.2d 452 (1999). The State's burden is relieved only when the defendant affirmatively acknowledges his or her prior criminal history. *State v. Hunley*, 175 Wn.2d 901, 912, 917, 287 P.3d 584 (2012). Because Mr. Smith did not affirmatively acknowledge his criminal history, the State was not relieved of its burden to prove the facts and information necessary to justify use of Mr. Smith's prior convictions in calculating his offender score. *Id*. at 912. Therefore, remand for resentencing is

---

[1] U.S. CONST. amend. XIV; WASH. CONST., art. I, § 3.

No. 35847-0-III
*State v. Smith*

appropriate. *See State v. Richmond*, 3 Wn. App. 2d 423, 436-37, 415 P.3d 1208, *review denied*, 191 Wn.2d 1009 (2018).

Mr. Smith also submitted a statement of additional grounds for review, challenging his trial counsel's license to practice law and performance. These arguments relate to facts and materials that exist outside the record. The proper avenue for bringing claims based on evidence outside the record is through a personal restraint petition, not a direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). We therefore decline to review these arguments.

We vacate Mr. Smith's sentence and remand to the trial court for resentencing consistent with the terms of this decision. Mr. Smith's request to deny appellate costs to the State is rendered moot since he is the prevailing party on review.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:


_____         _____
Lawrence-Berrey, C.J.                    Fearing, J.

3