**FILED**
**MARCH 18, 2025**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  39888-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT S. MCMURDIE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. —Robert McMurdie was charged with two counts of delivering a

controlled substance.  Count 1 was alleged to have occurred on or about April 13, 2022,

and count 2 to have occurred on or about April 14, 2022.  The State also alleged an

enhancement on both counts for the deliveries occurring within 1,000 feet of a school bus

route stop designated by a school district (bus stop).  At trial, the State presented

evidence of three bus stops located within 1,000 feet of the location where the deliveries

occurred on April 12 and April 14.  The State failed to present any direct evidence of a

bus stop being located within 1,000 feet of the location of the April 13 delivery.

The jury found Mr. McMurdie guilty of count 1 and found that he delivered the controlled substance within 1,000 feet of a bus stop. The jury was unable to reach a verdict on count 2. Mr. McMurdie was sentenced to 60 months of incarceration with an additional 24 months for the bus stop enhancement.

On appeal, Mr. McMurdie argues there was insufficient evidence to support the bus stop enhancement. We disagree and affirm his sentence.

## BACKGROUND

On April 13, 2022, Mr. McMurdie delivered methamphetamine to a confidential informant who was working with the Ellensburg Police Department. The State also alleged that Mr. McMurdie made a second delivery of methamphetamine to the same confidential informant on April 14, 2022. Consequently, the State charged Mr. McMurdie with two counts of delivery of a controlled substance.

In the original information, the State alleged both offenses occurred on April 11, 2022. In an amended information, the State alleged count 1 occurred on or about April 12, 2022, and count 2 on or about April 14, 2022. The State also added a sentencing enhancement, alleging that both deliveries occurred within 1,000 feet of a bus stop. A jury trial commenced on May 23, 2023.

On the first day of trial, the prosecutor repeatedly confused the date of the first delivery. The prosecutor's questions to witnesses and comments to the court referenced count 1 occurring on April 12 rather than April 13. In an attempt to prove the bus stop

2

enhancement, the State offered the testimony of the Ellensburg School District

Transportation Director (Director).  The Director testified that three bus stops were

located within 1,000 feet of the area where the alleged deliveries occurred.  The State

inquired of the Director, "Were those bus stops in existence in April—on April 12th and

April 14th of 2022?"  Rep. of Proc. (RP) at 223.  The Director responded in the

affirmative.

On the second day of trial, the prosecutor informed the court that the date of

April 12 in count 1 of the amended information was a "typo on [her] part" and moved to

amend the information for a second time.  RP at 392.  Defense counsel did not object,

stating, "I've been having so much fun with it being the 12th and 13th and the 12th and

the 13th.  Judge, I don't have a dog in that fight.  It's on or about."  RP at 392.  The court

granted the State's motion.  In the second amended information, count 1 was alleged to

have occurred on or about April 13 and count 2 on or about April 14.

After the court instructed the jury on the law and the parties offered closing

arguments, the jury was provided a verdict form for each count and two special verdict

forms, A-1 and B-1, for the bus stop enhancements.[1]  Notably, the special verdict forms

did not reference which count they were associated with.  During deliberation, the jury

---

[1] The jury was also provided with "Special Verdict Form A-2" if they were to
answer "no" on "Special Verdict Form A-1."  Clerk's Papers (CP) at 47.

inquired of the court, "Do Form A, A-1, and A-2 refer to 'buy 1' on April 13?" CP at 50. The court responded, "Yes." *Id.*

Ultimately, the jury found Mr. McMurdie guilty of count 1 but was unable to reach a verdict on count 2. The jury further found that count 1 occurred within 1,000 feet of a bus stop. Later, Mr. McMurdie was sentenced to 60 months of confinement with an additional 24 months for the bus stop enhancement.

Mr. McMurdie timely appeals.

## ANALYSIS

Mr. McMurdie argues there is insufficient evidence to support his 24-month sentence enhancement because the State failed to prove there was a bus stop located within 1,000 feet of where he delivered a controlled substance on April 13, 2022. We disagree.

The due process clause of the Fourteenth Amendment to the United States Constitution requires the prosecution to prove beyond a reasonable doubt every fact necessary to prove the crime charged. *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Likewise, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

The sufficiency of the evidence is a question of law this court reviews de novo. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). When analyzing a sufficiency of the evidence claim, all reasonable inferences must be drawn in favor of the State. *Id.* "[I]nferences based on circumstantial evidence must be reasonable and cannot be based on speculation." *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 318 (2013).

As a preliminary matter, the State contends that Mr. McMurdie has "waived the claim that the aggravator does not apply in his case" because he failed to object below. Resp't's Br. at 9. What the State overlooks, however, is the longstanding principle that a criminal defendant may always challenge an illegal or erroneous sentence for the first time on appeal. *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999); *see State v. Hickman*, 135 Wn.2d 97, 103 n.3, 954 P.2d 900 (1998) (noting that an "[a]ppeal is the first time sufficiency of evidence may realistically be raised"). Mr. McMurdie did not waive the claimed error by failing to object.

The date of an offense is generally not an essential element of a crime. *See State v. Brooks*, 195 Wn.2d 91, 98, 455 P.3d 1151 (2020). However, when a date is added to a to-convict instruction, the date becomes an essential element of the crime under the law

of the case doctrine. *Hickman*, 135 Wn.2d at 102-03. Notwithstanding this general rule, the State need only prove that the crimes occurred around the time of the date alleged in the to-convict instruction. *See State v. Polk*, 187 Wn. App. 380, 395, 348 P.3d 1255 (2015).

Here, the elements in the to-convict instruction for count 1 stated that Mr. McMurdie "delivered methamphetamine" "*on or about* April 13," "knew the substance delivered was methamphetamine," and that the "act occurred in the State of Washington." CP at 27 (emphasis added). Special verdict form A-1 related to count 1. At trial, the State offered evidence that there were three bus stops located within 1,000 feet of where Mr. McMurdie delivered the controlled substance on April 12 and April 14. The State's evidence went unchallenged.

Because special verdict form A-1 related to the to-convict instruction for count 1, to prove the bus stop enhancement, the State was required to prove beyond a reasonable doubt that Mr. McMurdie delivered a controlled substance within 1,000 feet of a bus stop on or about April 13, 2022. The testimony of the Director established that there were three bus stops located within 1,000 feet of where Mr. McMurdie delivered the controlled substance on April 12 and April 14, 2022. Viewing this evidence in a light most favorable to the State and recognizing that the State need only prove the crime occurred around the time of April 13, 2022, any rational trier of fact could have found beyond a

reasonable doubt that Mr. McMurdie delivered a controlled substance within 1,000 feet

of a bus stop on April 13, 2022.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Murphy, M.

7