# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58680-1-II |
| Respondent, | |
| v. | |
| JOHNNY ROGER VANCIL, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Vancil appeals his sentence following his conviction for attempting to elude a pursuing police vehicle with an endangerment enhancement. Vancil argues that the State failed to present sufficient evidence to establish his offender score. We agree and remand for resentencing.[1]

## FACTS

In March 2023, a jury found Vancil guilty of attempting to elude a pursuing police vehicle. The jury also found that Vancil threatened another person with physical injury during his commission of the crime of attempting to elude a pursuing police vehicle.

The prosecutor's statement of criminal history identified five prior convictions: 2005 first degree child molestation (juvenile), 2008 failure to register as a sex offender (juvenile), 2013 second degree theft, 2013 bail jumping, and 2017 failure to register as a sex offender. Vancil's

---

[1] Vancil also argues that the legal financial obligations (LFOs) should be stricken and Vancil's juvenile convictions should not be included in his offender score calculation. Both LFOs and the calculation of Vancil's offender score can be addressed by the superior court at his resentencing. Accordingly, we do not address these issues further.

offender score also included an additional point because Vancil was on community custody at the time of the offense. In the judgment and sentence, the prosecutor calculated Vancil's offender score as 5 with a standard range of 4 to 12 months and a mandatory 12-month enhancement for the endangerment while attempting to elude.

At sentencing, Vancil's counsel made his sentencing argument based on the standard sentencing range identified by the State:

> On the attempt to elude, his range is for [sic] the minimum is four months. We would ask for the four months. We understand that the 12 months for the reckless endangerment is automatic. That would be a total of 16 months for Mr. Vancil. Mr. Vancil understands what he did was wrong. He is looking for some help, that he hopes to get to prison and wants to take advantage of it.
>
> But at the same time, we feel that 24 months, 12 months for the maximum for the attempted [sic] to elude is harsh and we think that the standard minimum of four months, which is the minimum for his sentencing range, would be more appropriate.

Verbatim Rep. of Proc. 116-17. Neither party discussed, let alone disputed, Vancil's prior criminal history, offender score, or standard sentencing range. The superior court did not make any specific findings regarding Vancil's criminal history or calculation of his offender score. The superior court imposed a standard range sentence of 16 months (4 months plus 12-month enhancement).

Vancil appeals.

## ANALYSIS

Vancil argues that the State failed to provide sufficient evidence to support his offender score calculation.[2] We agree and remand for resentencing.

---

[2] Although we generally will not address issues raised for the first time on appeal, we will address challenges to the criminal history relied on by the superior court even when the challenge was not raised at sentencing. *State v. Mendoza*, 165 Wn.2d 913, 119-20, 205 P.3d 113 (2009).

"At sentencing, the State bears the burden to prove the existence of prior convictions by a preponderance of the evidence." *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009). Requiring the State to ensure that the record before the superior court supports the criminal history determination "reflects fundamental principles of due process, which require that a sentencing court base its decision on information bearing 'some minimal indicium of reliability *beyond mere allegation.*' " *Id.* (internal quotation marks omitted) (quoting *State v. Ford*, 137 Wn.2d 472, 481, 973 P.2d 452 (1999)). However, a defendant can relieve the State of its burden to proof by affirmatively acknowledging their criminal history. *Id.*

The mere failure to object to criminal history is not sufficient to establish affirmative acknowledgement. *Id.* at 928. "Nor is a defendant deemed to have affirmatively acknowledged the prosecutor's asserted criminal history based on his agreement with the ultimate sentencing recommendation." *Id.* Instead, our Supreme Court has "emphasized the need for an *affirmative* acknowledgment by the defendant of *facts and information* introduced for the purposes of sentencing." *Id.*

Here, the State did not present any evidence proving Vancil's asserted criminal history. But the State argues that Vancil affirmatively acknowledged his criminal history by agreeing that "his range was four to twelve months when he stated that was the range in open court." Br. of Resp't at 5. According to the State, Vancil "could not have agreed with the range without agreeing to the history that resulted in that range." *Id.*

But this is not enough under *Mendoza*. To sufficiently acknowledge his criminal history, Vancil must have had to affirmatively acknowledge the facts and information, specifically his prior convictions, that supported his offender score calculation and standard range. *See Mendoza*,

No. 58680-1-II

165 Wn.2d at 926-29 (rejecting the argument making sentencing recommendations consistent with the sentencing range provided by prosecutor is sufficient to acknowledge criminal history). Because Vancil did not affirmatively acknowledge his prior convictions or criminal history to the degree required by our Supreme Court and because there was no evidence that the superior court could have relied on to support the offender score calculation, we remand for resentencing. *See id*. at 929.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

GLASGOW, J.

4